[Cite as *Parma v. Lyba*, 2020-Ohio-3034.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

CITY OF PARMA,                           :

    Plaintiff-Appellee,           :

                                                No. 108762

    v.                                    :

IHOR LYBA,                               :

    Defendant-Appellant.          :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** May 21, 2020

---

Criminal Appeal from the Parma Municipal Court
Case No. 18TRC08462

---

### *Appearances:*

Timothy Dobeck, City of Parma Prosecuting Attorney, and John L. Reulbach, Jr., Assistant Prosecuting Attorney, *for appellee.*

Samuel W. Basta, *for appellant.*

SEAN C. GALLAGHER, P.J.:

{¶ 1} Ihor Lyba appeals his conviction for operating a vehicle while under the influence of alcohol or drugs ("OVI") under Parma Codified Ordinances 333.01(a)(1)(A). Finding no reversible error, we affirm.

{¶ 2} At 2:15 a.m. one night in July 2018, Lyba and his brother crashed their vehicle into a light pole in front of a convenience store located across the street from a bowling alley. The bowling alley was closing at that time, and there were 20 to 30 people leaving the establishment and milling about the parking lot, several of whom witnessed the events as they unfolded. Those witnesses, after hearing the collision, saw Lyba and his brother try to enter the closed (and locked) convenience store.

{¶ 3} After the unsuccessful attempt to enter the convenience store, Lyba's brother drove the duo into the bowling alley's parking lot, squealing the vehicle's tires as they proceeded into the lot. After stopping, Lyba's brother exited the vehicle and tried speaking with some of the people in the parking lot. Both Lyba and his brother speak Ukrainian and were not understood by the witnesses. Lyba then jumped into the driver's seat of their vehicle, which has a manual transmission. According to the witnesses, it appeared as though Lyba was not well versed in its operation. At first, Lyba was revving the engine and appeared to be trying to engage reverse. Instead, the vehicle lurched forward toward a crowd of onlookers. Lyba managed to get the car moving in reverse for 20 to 30 feet, but it either stalled or Lyba slammed on the brakes as the vehicle jumped a curb and nearly collided with some fleeing pedestrians.

{¶ 4} Parma police officers arrived on scene at that point. One of the officers spoke Ukrainian and was able to loosely communicate with Lyba, who was slurring his speech, gazing into the distance, and otherwise being noncompliant with

the officers. Lyba was wearing nothing but his underwear at the time, had bloodshot eyes, and smelled of alcohol. He was immediately arrested for reckless operation of a vehicle. The officers arrested Lyba with the intent to conduct field sobriety tests at the station after removing Lyba from what was then described as a "tense" situation. It seems the crowd was less than pleased with Lyba and his brother's conduct. Field sobriety tests bolstered the officers' conclusion that Lyba was intoxicated. Lyba refused the breathalyzer, and he was ultimately convicted of the OVI.

{¶ 5} In the first two assignments of error, Lyba claims that (1) the officers lacked probable cause to arrest him because none of the officers actually witnessed Lyba's criminal conduct and (2) the officers lacked probable cause to arrest Lyba because they failed to advise him of the constitutional privilege against self-incrimination at the time of his arrest. Neither argument is supported with authority or analysis upon which we could conclude that error occurred. App.R. 16(A)(7). Instead, Lyba provides blanket references to *Maumee v. Weisner*, 87 Ohio St.3d 295, 297, 720 N.E.2d 507 (1999), and *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Neither decision is applicable to the facts of this case.

{¶ 6} In *Weisner*, the issue was whether a reliable informant's statements to dispatch demonstrated reasonable suspicion for an officer to conduct an investigative stop of the defendant's vehicle under *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). *Weisner* at 299. In contrast, Lyba was arrested after driving his vehicle in a crowded parking lot — the officers did not conduct an

investigatory stop of Lyba's vehicle. The officers arrived on scene for the sole purpose of investigating the suspected OVI. *Weisner* has no bearing on the facts as presented in this particular case.

{¶ 7} Lyba's reliance on *Miranda* is also misplaced. *Miranda* involves the privilege against self-incrimination and whether non-*Mirandized* statements should be excluded from trial. *See generally id.* Lyba claims that the officers lacked probable cause to arrest him at the scene of the crime because they failed to immediately advise Lyba of his constitutional right after Lyba was placed under arrest. The decision to arrest Lyba was not based on any statements against his own interest — the arrest was entirely based on the officers' observations and statements from witnesses. *Miranda* is equally inapplicable.

{¶ 8} In light of the fact that responding officers arrived at the scene to find Lyba visibly intoxicated and in the driver's seat of the vehicle that had been recently driven by Lyba, according to the bystanders, the officers had probable cause to arrest Lyba. It is well settled in cases such as these that a warrantless arrest of an intoxicated driver is permitted if the facts and circumstances permit a police officer to reasonably conclude that a defendant was operating a motor vehicle while under the influence of alcohol or drugs shortly before the officer arrived to the scene. *Oregon v. Szakovits*, 32 Ohio St.2d 271, 291 N.E.2d 742 (1972); *see also State v. Henderson*, 51 Ohio St.3d 54, 56, 554 N.E.2d 104 (1990); *Cleveland v. Giering*, 2017-Ohio-8059, 98 N.E.3d 1131, ¶ 15 (8th Dist.). The first and second assignments of error are overruled.

{¶ 9} In the third and final assignment of error, Lyba claims the trial court erred in concluding that he drove the vehicle from the convenience store into the bowling alley parking lot when in fact Lyba's brother drove the vehicle at that particular time. Lyba is essentially questioning a fact of no consequence. Lyba does not dispute the basic facts underlying his conviction for the OVI. Even if we agreed with Lyba's proposition as set forth in the third assignment of error, it is undisputed that Lyba was seen driving the vehicle in the bowling alley's parking lot and it is also undisputed that Lyba was intoxicated when officers arrived at the scene and removed Lyba from the driver's seat of the vehicle. Any error in the court's recitation of the timeline of events in which Lyba was also allegedly identified as the driver of the vehicle from the convenience store to the bowling alley is, at best, harmless error. Crim.R. 52(A). The third assignment of error is overruled.

{¶ 10} The conviction is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the municipal court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, PRESIDING JUDGE

MICHELLE J. SHEEHAN, J., and
RAYMOND C. HEADEN, J., CONCUR